IN THE UNITED STATES DISTRICT COURTS FOR
THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

VIOLETA YVONNE VASQUEZ,

    Plaintiff,

v.

                                                                                                **3:20-cv-297**

GROUP 1 AUTOMOTIVE, INC.,

    Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

    Plaintiff, Violeta Yvonne Vasquez ("Employee Vasquez"), files this Original Complaint complaining of Defendant, Group 1 Automotive, Inc. ("Employer Group 1"), showing:

### I. PARTIES

1. Plaintiff, Violeta Yvonne Vasquez, is an individual residing in El Paso, Texas, and is a citizen of the State of Texas.

2. Defendant, Group 1 Automotive, Inc. is a citizen of the State of Texas because its principal place of business is in Texas; it is a For-Profit Corporation, and may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300 Austin, TX 78701-4411 USA, or wherever it may be found.

### II. VENUE

3. Venue is proper in the Western District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in El Paso, Texas.

### III. CHRONOLOGY OF FACTS

4. Employers MUST compensate employees for required regular work and overtime hours to protect employees, like all of us, from financial injuries and emotional trauma.

5. Employers <u>MUST</u> prevent retaliatory firings of employees who report and oppose working unpaid regular and overtime hours to protect employees, like all of us, from financial injuries and emotional trauma due to job loss.

6. Group 1 Automotive, Inc. is an employer.

7. Employer Group 1 is an employer which MUST compensate employees for required regular work and overtime hours to protect employees from financial injuries and emotional trauma.

8. Employer Group 1 is an employer which <u>MUST</u> prevent retaliatory firings of employees who report and oppose working unpaid regular and overtime hours to protect employees from financial injuries and emotional trauma due to job loss

9. On or about June 11, 2019, Employer Group 1 hires a new Employee as a Service Advisor.

10. This new Employee is a nonexempt employee under the Fair Labor Standards Act.

11. Employer Group 1 requires Employee to work a total of 124.81 hours in the month of June.

12. Employer Group 1 requires Employee to work a total of 185.94 hours in the month of July.

13. Employer Group 1 pays Employee 40 hours in June.

14. Employer Group 1 pays Employee 98.17 hours in July.

15. Employer Group 1 Service Manager Lorenzo Vargas is aware the Employee complained of the underpayment of her wages via Employee's text message to Service Manager Vargas on or about August 5, 2019.

16. Employer Group 1 is aware Ralph Dominguez, a nonexempt employee under the FLSA, who has not complained of underpayment of his wages in the past, is involved in a company related car crash and is not terminated.

17. Employer Group 1 is aware Erick Livingston, a nonexempt employee who has not complained of underpayment of his wages in the past, is involved in a company related car crash in approximately July 22, 2019 and is not terminated.

18. Employer Group 1 is aware Eddie Perez, a nonexempt employee who has not complained of underpayment in the past, is involved in a company related car crash in approximately 2018 and is not terminated.

19. On or about August 21,2019, Employer Group 1 is aware that another nonexempt employee, Ralph Quezada, is driving a customer's vehicle when he causes a car accident with Employee, whom is driving another customer's vehicle on Employer Group 1's parking lot.

20. Coworker Ralph Quezada tells Employer Group 1 Parts Advisor April Stearns that this was his third car accident and was concerned that he would be fired.

21. Indeed, Employer Group 1 disciplines, writes up, Ralph Quezada for the accident but does not terminate his employment.

22. The next day, however, on or about August 22, 2019, Employer Group 1 terminates Employee supposedly for this accident (merely two weeks after she first, in good faith, complains of underpayment of her working hours).

23. Employer Group 1's excuse for terminating Employee, however, is false, a mere excuse meant to cover up the real reasons: the termination was -- at least in part -- motivated by Employer Group 1's FLSA violation and its intent to retaliate against Employee for Employee having engaged in protected conduct under the FLSA.

24. The Employee is Violeta Yvonne Vasquez.

## IV. CAUSES OF ACTION

### *A. Retaliation in Violation of the FLSA*

25. Employer Group 1 terminates Employee from her employment because she institutes a complaint of actual or possible violations of the FLSA, 29 USC § 201 *et seq.*

26. Employer Group 1 retaliates against Employee in violation of FLSA section 15(a)(3), which leads to Employer Group 1 terminating Employee's employment.

27. Employer Group 1 terminates Employee from her employment because she engaged in protected activity, in violation of the FLSA.

### *B. Refusal to Pay Compensation in Violation of the FLSA*

28. In violation of the FLSA, Employer Group 1 did not pay Employee compensation for regular hours and overtime hours to which Employee was entitled.

## V. DAMAGES

29. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include in the past and the future: lost wages and benefits, employment opportunities, lost income, loss of earning capacity, mental anguish, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

## VI. JURY TRIAL DEMAND

30. Plaintiff demands a jury trial.

## VII. ATTORNEY'S FEES AND COSTS

31. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs, including any applicable expert fees, under the FLSA.

## VIII. PRAYER

Plaintiff prays that she recover from Defendant statutory damages under the FLSA, front and back pay, emotional distress and mental anguish damages, economic losses, general damages, special damages, punitive damages as determined by the jury, prejudgment interest as provided by law, attorney's fees and expert fees, post-judgment interest as provided by law; court costs and all costs of suit, and such other and further relief to which Plaintiff may be justly entitled to, in law and in equity.

SIGNED on November 30, 2020 .

Respectfully submitted,

**Chavez Law Firm**
2101 N. Stanton St.
El Paso, TX 79902
915.351.7772 phone

By: _____
Enrique Chavez, Jr./ State Bar No.: 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No.: 24087103
manderson@chavezlawpc.com

Attorneys for Plaintiff